[No. 7,618.—In Bank.]
March 28, 1882.

## CLARENCE R. GREATHOUSE ET AL. v. JOHN P. DUNN, AUDITOR ETC. ET AL.

CITY HALL COMMISSIONERS—POWER TO EMPLOY COUNSEL.—Appeal from a judgment denying a writ of mandamus to the City Auditor to audit a claim of the plaintiffs allowed by the Board of City Hall Commissioners July 21, 1880, for professional services as attorney.

*Held:* The Board of City Hall Commissioners had no authority to employ or pay counsel; such payment is prohibited by Section 12 of the Act of March 24th, which was in force when the employment of the plaintiffs took place.

APPEAL from a judgment for the defendant in the Superior Court of the City and County of San Francisco.

The case in the Court below was an application for a mandamus to require the defendant Dunn, as Auditor for the City and County of San Francisco, to audit a demand in favor of plaintiffs on the treasury of the said city and county. The demand is for three thousand dollars, and was allowed by the New City Hall Commissioners in payment of a claim for legal services rendered by the appellants at the request of the Commissioners in certain litigation between the New City Hall Commissioners and the Board of Supervisors.

The petition alleged that the services were rendered under an agreement with the Board of New City Hall Commissioners; that they were of the value of three thousand dollars; that the demand for that sum was allowed by the Board; that it was subsequently presented to the respondent as Auditor, and he was requested to audit it, but he refused so to do; that it is his official duty to audit the demand.

The answer admitted that the appellants were employed to conduct the litigation, and that they rendered the services, but denied that they were of the value of three thousand dollars, and denied that the Commissioners had power to employ or allow pay to appellants.

Appellants demurred to the answer, that it did not state facts sufficient to constitute a defense.

The Court heard arguments on this demurrer, and made an order overruling the demurrer and dismissing the writ.

*H. G. Platt*, for Appellants.

The Board of New City Hall Commissioners are a municipal corporation for a certain purpose—to complete the New City Hall. They are charged with that duty, and, so far as it is concerned, have all the powers that are expressly granted, such as are incident to the powers granted, such as may be fairly implied from the language of the charter, and such as are essential to the duties of the corporate body.

In this country a public corporation may be *created* by implication.

"To the extent necessary to execute the special powers and functions with which it is endowed by its charter, there is indeed an implied and incidental authority to *contract obligations* and *sue* and be *sued* in the corporate name." (Dillon on Municipal Corp. § 42.)

The power to sue and be sued has long been recognized in this State as belonging to all public corporations; and even Reclamation Districts, whose functions are very limited, are held to be public corporations. (*People* v. *Rec. Dist. No.* 108, 53 Cal. 348; *Dean* v. *Davis*, 51 id. 409.) And there are numerous cases in our reports where such bodies appear as parties, one of the latest of which is *The Delphi School District* v. *Murray*, 53 Cal. 29.

In the very case out of which this claim arose (*The Board of New City Hall Commissioners* v. *The Board of Supervisors*), the Supreme Court recognized the power of the Commissioners to sue, for the Court granted the writ of mandate in their favor as the party in interest. The power to sue carries with it the incidental power of employing and paying counsel. Where there is a fund at the disposal of a public Board, as in this instance, there can be no doubt at all on this point unless there is some express prohibition. The power to employ counsel is inherent and incidental, and no limitation has been placed upon it. (*Smith* v. *Mayor of Sacramento*, 13 Cal. 533; *Hornblower* v. *Duden*, 35 Cal. 664–670.) In this case, however, there is nothing said about counsel for the Board. The City and County Attorney is a member of the Board, but he is not the attorney or counsel of the Board. On the contrary, he is the attorney and counsel of the Board of Supervisors,

being entirely under their control. (*Bank of California* v. *Shaber*, 55 Cal. 322; Section 1, Act of March 25, 1862, Stat. 1862, p. 98.)

The City and County Attorney could not be attorney for both boards in cases where they are opposing parties, and certainly could not appear against the Board of Supervisors; hence the Board of Commissioners were compelled to employ counsel.

The power to employ counsel arises from the power to make contracts, to own property, and to incur liabilities. (Dillon on Municipal Corp. § 479 and note.)

*Robert Ashe*, for Respondent.

The moneys arising from the New City Hall tax shall be kept by the Treasurer, in a fund known as the New City Hall Fund. (Sec. 12 Consolidation Act, 205.)  Sec. 12 provides that "no part of said fund shall be expended for any other purpose than that herein indicated." This is a special statute, and confers limited powers, and must be strictly construed. (Sedgwick St. and Con. Law, 329, 330; Cooley Con. Lim. 494, 495 and 496, and notes.)

In this view of the case it is unnecessary to consider to what extent the Board is a corporation.

The COURT:

In this cause, the judgment is affirmed. The Board of City Hall Commissioners had no authority to employ or pay counsel. Such payment is in our view prohibited by Section 12 of the Act of March 24, 1876 (Stats. 1875–76, p. 464), which was in force when it is claimed the employment of the plaintiffs was made.

We append here the section referred to, which is in these words:

" The money arising from the tax hereby authorized to be levied and collected, shall be kept by the City and County Treasurer in a fund to be known as the 'New City Hall Fund,' and out of which said fund all claims for work, labor and materials used in the construction of said building, and the salaries of the Commissioners, the Secretary, the Architect, the Superintendent of Works, and others employed in

and about the construction of said building, and necessary office expenses of the Board of Commissioners, shall be paid. All claims against the said fund shall be allowed by the Board of Commissioners, by resolution entered upon their minutes, before the Auditor shall be authorized to audit the same, and in no case shall any portion of said fund be used or expended for any other purpose than that herein indicated, nor shall any part of the cost of the construction of said building be paid out of any other or different fund; nor shall any lien for work, labor or material, at any time attach to the said building nor the land upon which the same is located, in any manner whatever. The Board of Commissioners, in each fiscal year, may make contracts, and expend in the construction of said building a sum equal to the estimated receipts of the fund during the current fiscal year, but no larger or greater sum.

Judgment affirmed.